Eastern District of Kentucky
FILED

MAY 15 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 04-58-KSF
(Civil Action No. 05-394-KSF)

UNITED STATES OF AMERICA,                                    PLAINTIFF

V.                     **PROPOSED FINDINGS OF FACT
                        AND RECOMMENDATION**

DONALD RAY BARNES,                                           DEFENDANT

\* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the court on the motion of defendant Donald Ray Barnes ("Barnes"), *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on January 7, 2005. This motion has been fully briefed and is ripe for review.

By standing order of the District Court this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2004, a federal grand jury returned a ten-count indictment against Barnes. Count 1 thereof charged that on or about March 16, 2004, Barnes did knowingly and intentionally distribute a quantity of OxyContin, containing Oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); Count 2 thereof charged that on or about March 16, 2004, Barnes, in furtherance of the drug trafficking crime set out in Count 1, did knowingly possess a firearm, that is a Rossi .357 magnum caliber revolver, all in violation of 18 U.S.C. § 924(c)(1)(A)(i); Counts 3 and 4 charged that on or about March 16, 2004, Barnes, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, two firearms, that is a Stevens .410 gauge shotgun, a Browning .284 caliber rifle, and a Rossi .357 magnum caliber revolver, all in violation of 18 U.S.C. § 922(g)(1); Counts 5 and 6

charged that on or about March 19, 2004, Barnes did knowingly and intentionally distribute a quantity of Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1); Count 7 charged that on or about March 19, 2004, did knowingly possess a firearm, that is a loaded Full Metal Jacket .45 caliber derringer, all in violation of 18 U.S.C. § 924(c)(1)(A)(i); Count 8 charged that on or about March 19, 2004, Barnes, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, twenty-four (24) different firearms, as itemized in the indictment, all in violation of 18 U.S.C. § 922(g)(1); Count 9 was a forfeiture count, seeking the forfeiture of two firearms, namely, a Full Metal Jacket, Model D.D., .45 caliber derringer, serial number C00036584, and a Rossi, Model 462, .357 magnum caliber revolver, serial number TF820064, pursuant to 21 U.S.C. § 853; and Count 10 charged that by virtue of the commission of the felony offenses charged in Counts 2, 3, 4, 7, and 8 of the indictment, Barnes's interest in numerous firearms and ammunition had been forfeited to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461.

Initially, Barnes pled not guilty to these charges, and this matter was scheduled for trial on September 1, 2004. However, prior to trial, Barnes entered into plea negotiations with the United States, resulting in a plea agreement wherein he agreed to plead guilty to Counts 6, 7, and 8 of the indictment and agreed to the forfeiture of certain property itemized in Counts 9 and 10 of the indictment. His Plea Agreement was filed of record, and the court accepted his guilty plea thereto. [DE #24].

On January 7, 2005, Barnes was sentenced and received a 41-month sentence of imprisonment on Counts 6 and 8, to run concurrently with each other, and a consecutive 60-month sentence of imprisonment on Count 7, for a total term of imprisonment of 101 months, to be followed by a five-year term of supervised release. [DE #32]. On oral motion of the United States at sentencing, Counts 1, 2, 3, 4, and 5 of the indictment were dismissed.

No direct appeal was filed.

2

# III. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On September 27, 2005, Barnes filed the present § 2255 motion, asserting that his counsel was ineffective for failing to file an appeal after having been requested to do so.

In response to the motion to vacate, the United States asserts that pursuant to the terms of his plea agreement, Barnes waived his right to file a direct appeal of his conviction and sentence and waived his right to collaterally attack his conviction and sentence and that this waiver was informed and voluntary; therefore, Barnes now has no right to bring the claims raised in the present § 2255 motion, including his claim for ineffective assistance of counsel. For these reasons, the United States contends that Barnes's § 2255 motion should be denied.

## Analysis

**A.   Waiver of right to collaterally attack conviction and sentence**

In considering this matter, the Magistrate Judge has reviewed the terms of Barnes's Plea Agreement he entered into with the United States on August 27, 2004, and that was approved by the court was filed of record on August 27, 2004. [DE #24]. The following paragraphs of Barnes's Plea Agreement are relevant to his § 2255 motion:

> 15. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.
>
> . . .
>
> 16. The Defendant will cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. 0 5K1.1 and 18 U.S.C. 3553(e). The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.
>
> . . .

3

>21. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.
>
>. . .
>
>23. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Plea Agreement, pages 6-8 [DE #24].

It is clear from numerical ¶ 15 of Barnes's Plea Agreement that in exchange for the concessions made by the United States (the dismissal of all other counts of the indictment), he waived his right to appeal his guilty plea, conviction, and sentence within the applicable sentencing guideline range, and his right to collaterally challenge his guilty plea, conviction, and sentence within the applicable sentencing guideline range, including the filing of a § 2255 motion. Thus, the Magistrate Judge must now determine whether Barnes's waiver of the foregoing rights was an informed, voluntary, and knowing waiver. At Barnes's rearraignment/guilty plea proceeding on August 27, 2004, at the court's request, the United States, by counsel, Assistant United States Attorney Robert Rawlins, summarized the essential terms of the Plea Agreement, wherein Mr. Rawlins stated, in pertinent part, as follows:

>MR. RAWLINS: No agreement exists about the defendant's Criminal History Category pursuant to the Guidelines. The defendant will not file a motion for a decrease in the offense level based on a mitigating role or a departure motion pursuant to Chapter 5, Parts H and K of the Sentencing Guidelines. The defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution. The defendant will cooperate fully –
>
>THE COURT: Okay. I'll go over that -- 16 with him.

TR. Rearraignment, p. 7 [DE #39].

After the prosecutor explained the essential terms of the plea agreement, the following colloquy occurred between the court and Barnes:

>THE COURT: All right. Thank you. Mr. Barnes, did you hear Mr. Rawlins just now tell me the essential terms of the plea agreement you have entered into with the government?

4

> THE DEFENDANT: Yes, sir.
>
> THE COURT: And has he stated the essential terms of the plea agreement as you understand the agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has anyone made any promises or assurances to you different from those set out in the plea agreement in an effort to induce you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you understand that pursuant to paragraph 15 of the plea agreement you have waived your right to appeal and to collaterally attack your guilty plea, conviction, and sentence, including any order of restitution?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, paragraph 16 of the plea agreement, Mr. Rawlins did not read into the record, but that talks about you're cooperating with the government and substantial assistance. Are you familiar with that paragraph?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: The last sentence of that paragraph says the determination as to whether the defendant provided substantial assistance is solely within the discretion of the United States. But it should say the United States Attorney. You understand that?
>
> THE DEFENDANT: Yes, sir.

*Id.* at pp. 8-9. [DE #39].

At the conclusion of the court's extensive questioning of Barnes during his rearraignment proceeding, the court made the following finding:

> THE COURT: All right. It is the finding of the Court in the case of United States of America v. Donald Ray Barnes that Mr. Barnes is fully competent and capable of entering an informed plea. The plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of offenses charged. So, Mr. Barnes, your plea is accepted and you are now found guilty. So we need to assign this matter for sentencing. How does December 3rd look?
>
> MR. LOWRY: That's fine, Your Honor.

> THE COURT: At 9:45. And I'm going to accept and approve the plea agreement and order that it be filed and sign the normal sentencing order. Is there anything else?
>
> MR. LOWRY: I think that's all, Your Honor, Thank you.
>
> MR. RAWLINS: Nothing by the United States, Your Honor, thank you.

*Id.* at pp. 14-15. [DE #39].

## Applicable Law

In Hunter v. United States, 160 F.3d 1109, 1113 (6th Cir. 1998), the Sixth Circuit held that a waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. Thereafter, in Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999), the Sixth Circuit held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." However, at that time, the Sixth Circuit did not address the question of whether the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel. Subsequently, in Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit addressed that question, holding as follows:

> We hold that Davila's waiver effectively foreclosed his right to bring a § 2255 petition based on the claim of ineffective assistance of counsel. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.

Thus, in view of Hunter, Watson and Davila, if the court determines in the present action that Barnes's waiver of his right to collaterally attack his guilty plea and conviction was knowing, intelligent, and voluntary, then he has waived his right to collaterally challenge his guilty plea, conviction, and sentence in a § 2255 motion, including any claim he might have had for ineffective assistance of counsel.

Based on a review of the record, including a review of the transcript of Barnes's rearraignment/guilty plea proceeding, the Magistrate Judge concludes that Barnes's waiver of his right to collaterally attack his guilty plea, conviction, and any sentence within the applicable sentencing guideline range, was knowing, intelligent, and voluntary, including his claim of ineffective assistance

6

of counsel asserted in his § 2255 motion. This conclusion is based on the fact that (1) the waiver of Barnes's right to collaterally attack his guilty plea, conviction, and sentence is plainly stated in numerical ¶ 15 of his plea agreement, and (2) in responding to questioning by the court concerning whether he understood the rights he had agreed to waive by entering into this Plea Agreement, and particularly the waiver of his right to appeal and to collaterally attack his guilty plea, conviction, and sentence, and whether he was surrendering those rights voluntarily, Barnes answered in the affirmative.[1]

Consequently, the Magistrate Judge concludes that since Barnes's sentence was within the applicable maximum statutory penalty range,[2] he has waived the right to collaterally attack his guilty plea and conviction in the present § 2255 motion, including his claim of ineffective assistance of counsel.

**B.     Failure of counsel to file direct appeal upon Barnes's request to do so**

Barnes contends that his counsel was ineffective for failing to file an appeal after being requested to do so. Relying on *Campusano v. United States*, 442 F.3d 770 (2nd Cir. 2006), Barnes contends that an attorney's failure to file an appeal after being instructed to do so is a "per se" Sixth Amendment violation.

The Magistrate Judge is unpersuaded by this argument because an appeal waiver warrants the prompt dismissal of an appeal that is filed in violation of the waiver, as seen in *United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005), where the defendant had waived his right to appeal the sentence the court imposed, but then he argued for the first time at oral argument that he should be resentenced in light of the Supreme Court's decision in *Booker*. The *McGilvery* court dismissed

---

[1] Additionally, in the early part of the rearraignment proceeding, the Court asked Barnes the following question: "You have employed James Lowry to represent you in this matter. Are you fully satisfied with the counsel, representation and advice rendered to you by Mr. Lowry?" Barnes responded, "Yes, sir." TR. Rearraignment, p. 3 [DE #39].

[2] The court granted defense counsel's request to sentence Barnes at the low end of the sentencing guideline range; thus, Barnes received the minimum guideline sentence.

the defendant's appeal for lack of jurisdiction. 403 F.3d at 364. The *McGilvery* court "strongly encourage[d]" the United States to file a motion to dismiss the appeal when the defendant has waived the right to appeal so that the matter may be referred to a motions panel for disposition to avoid an unnecessary devotion of time and resources by the Court and the parties. *Id.* at 263.

This Court's treatment of Barnes's waiver of the right to collaterally attack his guilty plea, conviction, and sentence should be no different. In Barnes's case, assuming *arguendo* that Barnes requested his counsel to file a direct appeal, had a direct appeal been filed, it would have been promptly dismissed by the Sixth Circuit for lack of jurisdiction because the filing of such an appeal would have violated the terms of Barnes's plea agreement. Therefore, Barnes's counsel cannot be deemed to be ineffective for not filing an appeal that would have been dismissed because it was filed in violation of the plea agreement. Based on the terms of Barnes's plea agreement, his reliance on *Campusano*, a non-binding case from the Second Circuit, is misplaced.

## IV. CONCLUSION

Based on a review of the record and the applicable law governing motions filed pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside sentence, for the reasons previously stated, the Magistrate Judge concludes that Barnes's § 2255 motion should be denied.

Accordingly, **IT IS HEREBY RECOMMENDED** that the motion of defendant Donald Ray Barnes, filed under § 2255, to vacate, correct, or set aside sentence [DE #36] be **DENIED**.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6th Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P 72 (b).

This ___15th___ day of May, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE