UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 04-58-KSF
(CIVIL ACTION NO. 05-394-KSF)

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                            **OPINION & ORDER**

DONALD RAY BARNES                                                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Donald Ray Barnes, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct sentence. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

The Magistrate Judge filed his proposed findings of fact and recommendation on May 15, 2007. [DE #50] Although the record reveals that the defendant waived his right to appeal and/or collaterally attack his sentence in his plea agreement, the Magistrate Judge considered the defendant's argument that his counsel was ineffective for filing to file an appeal after having been requested to do so. According to the Sixth Circuit in *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998), a defendant may waive his right to appeal in a plea agreement so long as the waiver is made knowingly and voluntarily. Moreover, in *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999), the Sixth Circuit held that a defendant may waive the right to collaterally attack a sentence in a plea agreement. Finally, in *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit held that the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel. Reviewing the record, the Magistrate Judge

determined that the defendant made a knowing and voluntary waiver of his right to appeal or collaterally attack his sentence. As a result, the Magistrate Judge determined that the defendant's counsel cannot be deemed to be ineffective for not filing an appeal that would have been dismissed because it was filed in violation of the plea agreement.

The defendant filed objections to the Magistrate Judge's proposed findings of fact and recommendation on May 29, 2007. [DE #51] This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The defendant reasserts that his counsel was ineffective for failing to file an appeal after having been requested to do so. However, the Court agrees with the Magistrate Judge that the record reveals that the defendant made a knowing and voluntary waiver of his right to appeal and, in view of *Hunter*, *Watson*, and *Davila*, his counsel's failure to file an appeal that would be subject to an immediate dismissal cannot be deemed ineffective assistance of counsel. Therefore, the Magistrate Judge's proposed findings of fact and recommendation will be adopted as and for the opinion of this Court.

In determining whether a certificate of appealability should issue as to the defendant's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that the petitioner has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

After having considered the defendant's objections, which the Court finds to be without

merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's proposed findings of fact and recommendation. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's proposed findings of fact and recommendation [DE #50] is ADOPTED as and for the opinion of the Court;

(2) the defendant's objections to the Magistrate Judge's proposed findings of fact and recommendation [DE #51] are OVERRULED;

(3) the defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [DE #36] is DENIED;

(4) judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(5) that this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This 5th day of June, 2007.



**Signed By:**

*Karl S. Forester*  KSF
**United States Senior Judge**