UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

Eastern District of Kentucky
FILED

AUG 1 7 2007

CRIMINAL ACTION NO. 04-58-KSF
(Civil Action No. 05-394-KSF)

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES OF AMERICA,                                          PLAINTIFF

V.                          **PROPOSED FINDINGS OF FACT
                             AND RECOMMENDATION**

DONALD RAY BARNES,                                                 DEFENDANT

\* \* \* \* \* \*

## I. INTRODUCTION

The record reflects that in an Opinion and Order entered herein on June 5, 2007, the district court denied the motion of defendant Donald Ray Barnes ("Barnes"), filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on January 7, 2005, and by separate Judgment dismissed this action. See DE ##52, 53.

This matter is presently before the court on the motion of defendant Barnes, filed pursuant to Fed.R.Civ.P. 59(e), to alter and/or amend the Judgment entered on June 5, 2007. [DE #54]. The United States having filed a response to this motion, it is ripe for review.

By Order of June 27, 2007, the presiding district judge referred Barnes's motion to alter and/or amend judgment to the Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2004, a federal grand jury returned a ten-count indictment against Barnes. Count 1 thereof charged that on or about March 16, 2004, Barnes did knowingly and intentionally distribute a quantity of OxyContin, containing Oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); Count 2 thereof charged that on or about March 16, 2004, Barnes, in furtherance of the drug trafficking crime set out in Count 1, did knowingly possess a firearm, that is a Rossi .357 magnum caliber revolver, all in violation of 18 U.S.C. § 924(c)(1)(A)(I); Counts 3 and

4 charged that on or about March 16, 2004, Barnes, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, two firearms, that is a Stevens .410 gauge shotgun, a Browning .284 caliber rifle, and a Rossi .357 magnum caliber revolver, all in violation of 18 U.S.C. § 922(g)(1); Counts 5 and 6 charged that on or about March 19, 2004, Barnes did knowingly and intentionally distribute a quantity of Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1); Count 7 charged that on or about March 19, 2004, Barnes did knowingly possess a firearm, that is a loaded Full Metal Jacket .45 caliber derringer, all in violation of 18 U.S.C. § 924(c)(1)(A)(I); Count 8 charged that on or about March 19, 2004, Barnes, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, twenty-four (24) different firearms, as itemized in the indictment, all in violation of 18 U.S.C. § 922(g)(1); Count 9 was a forfeiture count, seeking the forfeiture of two firearms, namely, a Full Metal Jacket, Model D.D., .45 caliber derringer, serial number C00036584, and a Rossi, Model 462, .357 magnum caliber revolver, serial number TF820064, pursuant to 21 U.S.C. § 853; and Count 10 charged that by virtue of the commission of the felony offenses charged in Counts 2, 3, 4, 7, and 8 of the indictment, Barnes's interest in numerous firearms and ammunition had been forfeited to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461.

Initially, Barnes pled not guilty to these charges, and this matter was scheduled for trial on September 1, 2004. However, prior to trial, Barnes entered into plea negotiations with the United States, resulting in a plea agreement wherein he agreed to plead guilty to Counts 6, 7, and 8 of the indictment and agreed to the forfeiture of certain property itemized in Counts 9 and 10 of the indictment. His Plea Agreement was filed of record, and the court accepted his guilty plea thereto. [DE #24].

On January 7, 2005, Barnes was sentenced and received a 41-month sentence of imprisonment on Counts 6 and 8, to run concurrently with each other, and a consecutive 60-month sentence of imprisonment on Count 7, for a total term of imprisonment of 101 months, to be followed by a five-

2

year term of supervised release. [DE #32]. On oral motion of the United States at sentencing, Counts 1, 2, 3, 4, and 5 of the indictment were dismissed.

No direct appeal was filed.

On September 27, 2005, Barnes moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on January 7, 2005, asserting that his counsel was ineffective for failing to file an appeal after having been requested to do so. In response to the motion to vacate, the United States argued that pursuant to the terms of his plea agreement, Barnes had waived his right to file a direct appeal of his conviction and sentence and waived his right to collaterally attack his conviction and sentence and that this waiver was informed and voluntary; therefore, Barnes had no right to bring the claims raised in the present § 2255 motion, including his claim for ineffective assistance of counsel.

Upon review of the record, including statements made by Barnes to the court during his rearraignment proceeding, on May 15, 2007, the Magistrate Judge entered his Proposed Findings of Fact and Recommendation concerning Barnes's § 2255 motion, and, for all of the reasons stated therein, found that Barnes had knowingly, voluntarily, and intelligently waived his right to collaterally attack his conviction and sentence; therefore, consistent with well-settled precedent, the Magistrate Judge recommended that Barnes's § 2255 motion should be dismissed. *See* DE #50.

On June 5, 2007, over Barnes's objections, the district court adopted the Magistrate Judge's report and recommendation concerning Barnes's § 2255 motion, denied said motion, and dismissed this case. *See* DE ##52, 53.

### III. DEFENDANT'S MOTION TO ALTER AND/OR AMEND JUDGMENT

As grounds for his motion to alter and/or amend judgment, Barnes states that during the briefing of his original § 2255 motion, it came to his attention that he has a claim for ineffective assistance of counsel that was not raised initially. Elaborating, Barnes notes that in his original § 2255 motion, he presented only one claim for relief, *viz.*, that his counsel was ineffective for failing to file an appeal after having been requested to do so, but that he subsequently came to believe that he also

3

has a claim for ineffective assistance of counsel concerning the advice he was given by counsel concerning what would be required of him in order to obtain a 5K motion for downward departure by the government for his substantial assistance.  In essence, Barnes claims that his counsel misinformed him of what the government expected of him before the government would file a 5K motion for downward departure.  Barnes states that had he been properly informed, he would not have accepted the government's plea offer and would have proceeded to trial.  Thus, Barnes seeks to amend his § 2255 motion, pursuant to Fed.R.Civ.P. 15(a), for the purpose of asserting an additional claim of ineffective assistance of counsel.

The United States objects to Barnes's motion to alter and/or amend judgment for the purpose of asserting an additional claim of ineffective assistance of counsel.

### Analysis

Based on (1) the terms of Barnes's Plea Agreement, specifically ¶ 15 thereof, and (2) Barnes's responses to the court's questioning of him at this rearraignment proceeding concerning his decision to enter into plea agreement with the United States in this matter, all of which were set out in greater detail in the Proposed Findings of Fact and Recommendation entered herein on May 15, 2007 [DE #50], and which are incorporated herein by reference, the Magistrate Judge reiterates his previous finding that Barnes's decision to enter into this plea agreement was a knowing, voluntary, and intelligent decision. Had Barnes proceeded to trial and been convicted of all charges, there is no doubt that he would have received a much longer sentence than the one he is currently serving.  As previously noted, on oral motion of the United States at sentencing, Counts 1, 2, 3, 4, and 5 of the indictment were dismissed.  Thus, Barnes was at risk for a much longer sentence than the one he received as the result of his guilty plea.

Consequently, based on well-settled precedent, Hunter v. United States, 160 F.3d 1109, 1113 (6th Cir. 1998), Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999), and Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001), Barnes has waived his right to file § 2255 motion. As the Sixth Circuit expressly stated in Davila:

4

> We hold that Davila's waiver effectively foreclosed his right to bring a § 2255 petition based on the claim of ineffective assistance of counsel. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.

258 F.3d at 451.

Therefore, irrespective of the number of claims of ineffective assistance of counsel Barnes may have had and could have raised in a § 2255 motion, since Barnes waived his right to collaterally attack his conviction and sentence, Barnes now has no avenue in which to present such claims.

## IV.  CONCLUSION

Based on a review of the record and the applicable law governing motions filed pursuant to Fed.R.Civ.P. 59(e), for the reasons previously stated, the Magistrate Judge concludes that Barnes's motion to alter and/or amend judgment motion should be denied.

Accordingly, **IT IS HEREBY RECOMMENDED** that the motion of defendant Donald Ray Barnes, filed pursuant to Fed.R.Civ.P. 59(e), to alter and/or amend judgment [DE #54] be **DENIED**.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals.  28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6th Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).  A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  Fed.R.Civ.P 72 (b).

This ___17th___ day of August, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE