UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 04-58-KSF
(CIVIL ACTION NO. 05-394-KSF)

UNITED STATES OF AMERICA                                                                                   PLAINTIFF

v.                                              **OPINION & ORDER**

DONALD RAY BARNES                                                                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Donald Ray Barnes, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the judgment entered by this Court on June 5, 2007. [DE # 54]  The United States has filed its response in opposition to Barnes' motion. [DE # 56]  This matter was then referred to the magistrate judge for consideration under 28 U.S.C. § 636(b).

Essentially, Barnes challenges this Court's previous ruling that because Barnes waived his right to appeal and/or collaterally attack his sentence in his plea agreement, he had no right to bring the claims raised in his § 2255 petition, including his claim for ineffective assistance of counsel based on his attorney's failure to file an appeal after having been requested to do so.  In his current petition, Barnes argues that an additional claim for ineffective assistance of counsel has since come to his attention; that is, a claim for ineffective assistance of counsel concerning the advice he was given by counsel concerning what would be required of him in order to obtain a 5K motion for downward departure by the government for substantial assistance.  Essentially, Barnes claims that had his counsel properly informed him of what the government expected before filing a 5K motion

for downward departure, he would not have accepted the government's plea offer and would have proceeded to trial. Barnes now seeks to amend his § 2255 motion, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for the purposes of asserting an additional claim of ineffective assistance of counsel.

The Magistrate Judge reviewed the motion to alter judgment and determined that based on "(1) the terms of Barnes's Plea Agreement . . ., and (2) Barnes's responses to the court's questioning of him at this rearraignment proceeding concerning his decision to enter into the plea agreement with the United States in this matter, all of which were set out in greater detail in the Proposed Findings of Fact and Recommendation entered herein on May 15, 2007, and which are incorporated herein by reference," Barnes made a knowing, voluntary, and intelligent decision to enter into the plea agreement. In light of *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998)(a defendant may waive his right to appeal in a plea agreement so long as the waiver is made knowingly and voluntarily), *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)(a defendant may waive the right to collaterally attack a sentence in a plea agreement), and *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001)(the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel), the Magistrate Judge determined that Barnes had waived his right to file a § 2255 motion, regardless of the type or the amount of claims asserted. Inasmuch as Barnes has waived his right to collaterally attack his conviction and sentence, the Magistrate Judge recommended that Barnes' motion filed pursuant to Rule 59(e) be denied.

Barnes filed objections to the Magistrate Judge's proposed findings of fact and recommendation on August 28, 2007. [DE #58] This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). In his objections, Barnes continues to argue

ineffective assistance of counsel based on his attorney's alleged failure to provide him with adequate information. However, the Court agrees with the Magistrate Judge that the record reveals that the defendant made a knowing and voluntary waiver of his right to appeal and, in view of *Hunter*, *Watson*, and *Davila* and irrespective of the number of ineffective assistance of counsel claims that Barnes alleges, he has waived his right to collaterally attack his conviction and sentence. Therefore, the Magistrate Judge's proposed findings of fact and recommendation will be adopted as and for the opinion of this Court.

In determining whether a certificate of appealability should issue as to the defendant's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that the petitioner has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

After having considered the defendant's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's proposed findings of fact and recommendation. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's proposed findings of fact and recommendation [DE #57] is ADOPTED as and for the opinion of the Court;

(2) the defendant's objections to the Magistrate Judge's proposed findings of fact and recommendation [DE #58] are OVERRULED;

(3) the defendant's motion to alter the court's judgment [DE #54] is DENIED;

(4) that this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue; and

(5) this matter is STRICKEN from the active docket of the Court.

This 25th day of September, 2007.

Signed By:

*Karl S. Forester*   KSF

United States Senior Judge